CHICAGO—FIRST DISTRICT—NOVEMBER, 1914.    543

Auto Light & Mfg. Co. v. 35% Auto. Supply Co., 189 Ill. App. 543.

## Auto Light & Manufacturing Company, Appellee, v. 35% Automobile Supply Company, Appellant.

### Gen. No. 19,866.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate. Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

## Statement of the Case.

Suit of the first class in the Municipal Court of Chicago by the Auto Light & Manufacturing Company, a corporation, against the 35% Automobile Supply Company, a corporation, to recover $1,500 for merchandise alleged to have been delivered by the plaintiff to the defendant upon a written contract.

The defendant's affidavit of merits alleged that the transaction was with the 35% Automobile Supply Company of New York, another corporation. A verdict was returned finding the issues against the defendant and assessing the plaintiff's damages at $1,554.27. After verdict the *ad damnum* was increased to $1,600, on motion of the plaintiff. A motion for new trial was overruled, the judgment followed and the defendant appealed.

EDWARD R. LITZINGER, for appellant.

JOHN T. RICHARDS, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 329*—*when finding will not be set aside.* In an action for merchandise sold to an Illinois corporation, where the defense

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was that the transaction was with another corporation, and it appeared that the goods were ordered by the defendant's president at the office of the Illinois corporation, which accepted and used such goods, a finding of the jury that the transaction was with the Illinois corporation was not manifestly against the weight of the evidence.

2. Appeal and error, § 573*—*when exception is necessary to preserve right of appeal.* A defendant who does not specifically except to a portion of an oral charge cannot complain of it on appeal.

3. Instructions, § 81*—*when instruction is erroneous as unduly emphasizing facts.* In an action for goods sold to a corporation, where the defense was that the transaction was with another corporation, an instruction that the jury could consider that the contract was made at the office of the Illinois corporation was erroneous, since the court had no right to single out certain portions of the evidence bearing on a controverted question of fact and tell the jury to consider them; but the error was harmless where it appeared that under the facts a new trial would not change the result.

4. Sales, § 330*—*when instruction as to implied contract is proper.* In an action for goods sold to an Illinois corporation, where the defense was that the transaction was with another corporation, an instruction based on the theory that the goods were accepted and used by the defendant *held* not erroneous as against an objection that there was no evidence to support it.

5. Interest, § 6*—*when allowed.* In an action for goods sold on a written order, the sale being for cash and for a certain and definite sum, due at a specified time, the plaintiff was entitled to interest regardless of the question whether there had been an unreasonable and vexatious delay of payment of the money due.